Dear Speaker, Loyd Benson,
¶ 0 This Office has received your request for an official Opinion asking the following question:
If a private corporation ("the lessee") which operates forprofit, leases equipment owned by a public trust created under60 O.S. Supp. 1997, § 176[60-176] ("the lessor") and the lessor grantsthe lessee an option to purchase the equipment and/or right offirst refusal to purchase the equipment at a future date, at itsfair market value on the date of exercise of the option or right,will the lessee's leasehold interest in the equipment be subjectto ad valorem taxation prior to the exercise of the option orright of first refusal?
¶ 1 Any analysis of ad valorem taxation begins with the basic proposition that all property in this State, except that which is specifically exempt by law, is subject to ad valorem tax. 68O.S. 1991, § 2804[68-2804]. Oklahoma law does provide, however, an exemption from ad valorem taxes for "all property of this state, and of counties and of municipalities of this state." Okla. Const. art. X, § 6(a). Under Article X, § 6(a), the property of public trusts created to hold property for the State, counties and municipalities is exempt from ad valorem taxation.[1]
Article X, § 6(a) provides in pertinent part:
 [A]ll property of this state, and of counties and of municipalities of this state . . . shall be exempt from taxation[.]
¶ 2 In Oklahoma Industries Authority v. Barnes, 769 P.2d 115
(Okla. 1988), the Oklahoma Supreme Court reviewed the taxability of a private party's leasehold interest in public trust property where the lease contained renewal options, but did not provide that the lessee could purchase the property for a nominal sum. The Court found that such an arrangement did not make the property taxable to the lessee:
 Once an interest in property is statutorily classified as taxable, it becomes assessable. The power to tax is reposed in the lawmaking department. Legislative freedom to select some classes or species of property for taxation is restricted only by explicit constitutional inhibitions. Where the legislature has validly omitted certain classes of property from taxation, the judiciary cannot direct that an assessment be imposed. Under the taxing scheme presently in force, tax liability for all cognizable interests in land is borne by the fee owner. . . . What the County calls for here is a change in the statutory scheme which would permit the assessment to be made against the user in possession who would acquire taxable status. This cannot be done. The statutory scheme calls for assessment of land for ad valorem purposes against the person or entity identified by the record as the fee owner, based on that owner's taxable status.
Oklahoma Industries Authority v. Barnes, 769 P.2d 115,117-118 (Okla. 1988)
¶ 3 The Court found that there was no statutory authority to tax a lessee's possessory interest. In the absence of such authority, property tax was the responsibility of the owner,i.e., the lessor. Because the owner was a tax-exempt entity (a Title 60 public trust) the property was not subject to ad valorem tax pursuant to Article X, § 6(a) of the Oklahoma Constitution.
¶ 4 Barnes was an attempt to tax a lessee's interest in public property. In a 1980 case, the Oklahoma Supreme Court found a lessee's interest taxable. The case is factually distinguishable from the scenario provided in your request but provides insight into the Court's treatment of the taxation of public trust property. State ex rel. Cartwright v. Dunbar,618 P.2d 900 (Okla. 1980) was an original proceeding by the Attorney General seeking a writ of mandamus directing the respondent County Assessor of Garfield County to assess the real and personal property which private entities had or held by reason of a lease agreement with the Garfield County Industrial Authority. The Court characterized the petitioner's argument as follows:
 In this action, petitioners rely primarily upon the doctrine of "equitable ownership", i.e., that Koehring and Chesterfield[2] are the "owners" of the property under their contractual agreements with GCIA. Petitioners argue the "Lease Agreements" establish a vendor-purchaser relationship with GCIA as vendor and Koehring and Chesterfield, as purchasers. They submit that Koehring and Chesterfield each have complete possession and control of their properties under executory contract to purchase, and the only purpose for retention of title by GCIA is to secure payment of the "purchase price," to-wit, the rental payments to retire the outstanding bonds.
State v. Dunbar, 618 P.2d 900, 904 (Okla. 1980).
¶ 5 The Court, after finding the existence of a justiciable controversy, analyzed the exemption provisions found in Article X, § 6 and found the critical issue to be the meaning of the term "property of this state, and of counties and of municipalities." The Court ruled that legal title alone is not determinative of the tax status of property:
 [W]e find the fact that legal title to the properties in the case at bar is in GCIA is not of itself determinative of the tax exemption under the "property of" portion of section 6. The determinative factor is" ownership." Therefore, we must determine the quantum of interest which Koehring and Chesterfield have in the properties.
State v. Dunbar, 618 P.2d 900, 906 (Okla. 1980).
¶ 6 The Court found that the payments to be made under the lease agreement covered all amounts necessary to acquire, construct, and protect the leased properties and to service and retire the full bonded indebtedness. Most importantly, the Court also determined that the $100 nominal consideration to be paid at the end of the lease to effect transfer of legal title bore no reasonable relationship to the purchase price or value of the property:
 Where a "lease agreement" between a public trust and a private entity contains provisions relating to the sale and purchase or an option to purchase trust property, and specifies a nominal consideration to effect either transaction, the substance of the transaction, and not the name of the parties have given it, should determine the taxable status of the property. Although there is a clear legal distinction between a contract to purchase and an option to purchase, there is no material distinction between the two in determining the taxable status of public trust property where the consideration required to effect the transfer of title is nominal and bears no reasonable relationship to the value of the property.
Id. at 906-907 (emphasis added).
¶ 7 The Court ruled that as a matter of law the private lessees/purchasers were in possession of the trust property under "executory contracts for sale." This arrangement was indistinguishable from a contract for deed. As such the duty to pay taxes and assessments was on the lessee/purchaser.
¶ 8 Dunbar stands for the proposition that the incidence of property tax falls upon the "owner" (lessee) when a lease arrangement is in fact an executory contract for sale. Under the facts in Dunbar, the lessee was effectively the "owner" and responsible, therefore, for ad valorem taxes.
¶ 9 In conclusion, the incidence property taxation in Oklahoma falls upon the owner and not a mere lessee of property. Therefore, if a lessor public trust grants an option to purchase leased property at a future date at the property's fair market or appraised value, ownership remains in the public trust and, as a tax-exempt entity, the property would be exempt from ad valorem tax.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 If a private corporation, which operates for profit, leasesequipment owned by a public trust created pursuant to 60 O.S.Supp. 1997, § 176[60-176], and the public trust grants the lessee anoption to purchase the equipment and/or a right of first refusalto purchase the equipment at a future date at its fair marketvalue or appraised value on the date of exercise, the lessee'sleasehold interest in the equipment is not subject to ad valoremtaxation until the lessee has exercised the option and becomesthe owner of the property.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] Title 60 O.S. 1991 and Supp. 1997, §§ 176-180.4 allows for the creation of public trusts. Such trusts may be established to perform functions which benefit a large class of the public or lessen the burdens of government. Shotts v. Hugh, 551 P.2d 252,254 (Okla. 1976).
[2] Koehring and Chesterfield were the lessees of public trust property.